UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KENNETH R. VALLIERE,

          Plaintiff,

v.

TEAMSTERS LOCAL NO. 264, and
LOCAL 558 FAMILY SECURITY PLAN,

          Defendants.
_____

**REPORT, RECOMMENDATION
AND ORDER**

08-CV-00624(A)(M)

    This case has been referred to me by Hon. Richard J. Arcara to decide all non-dispositive motions, hear and report on all dispositive motions, and otherwise supervise pretrial proceedings [7].[1] Before me is defendants' motion to dismiss [5] (which has been converted to a motion for summary judgment [11]), and defendants' request for sanctions. Defendants' Reply [10], p. 7. For the following reasons, I recommend that defendants' motion to dismiss be DENIED, and I order[2] that defendants' motion for sanctions be DENIED.

**PROCEDURAL HISTORY**

    Defendants initially moved to dismiss the complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b) [5]. Because the motion relied upon materials outside of the pleadings, in accordance with Rule 12(d) I converted the motion to dismiss to a motion for summary judgment, and gave the parties an opportunity to submit additional materials [11]. Defendants

---

  [1]  Bracketed references to the CM/ECF docket entries.

  [2]  The motion for sanctions is non-dispositive. *See* Arons v. Lalime, 3 F.Supp.2d 314, 319 (W.D.N.Y. 1998) (Heckman, M.J./Arcara, J.).

have not submitted any additional materials, whereas plaintiff has made a Rule 56(f) application [13].

## FACTUAL BACKGROUND

Plaintiff was formerly an active member of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 558 ("Local 558"). Complaint [1], ¶3. In December 1977, he enrolled in the Local 558 Family Security Plan (the "Plan"). Id., ¶5.

On February 6, 1989 plaintiff became disabled and stopped working. As a result, all further Plan contributions or premiums were waived pursuant to Section 5.3 of the Plan, which provides that "[i]n the event a Participant becomes totally disabled for a period of six (6) months or more prior to age sixty (60), the Participant shall be entitled to continuation of all benefits to which he was entitled prior to incurring said disability. All required contributions shall be waived for the period of disability." Wagner Affidavit [5-5], Ex. B, Section 5.3.

On or about November 1, 1997, Local 558 merged with Teamsters Local 264 ("Local 264"), and Teamsters 264 assumed the administration of the Plan. Wagner Affidavit [5-5], ¶4; Complaint [1], Ex. C. By letter dated June 5, 2007, Local 264 advised plaintiff that, due to the Plan's "poor financial health", he would "need to make monthly contributions beginning July 1, 2007, if [he] wish[ed] to preserve [his] rights to a death benefit under the Plan."

Complaint [1], Ex. E. In response, plaintiff requested a continuing waiver of premiums, or alternatively, payment of the cash option benefit of the Plan. Id., Ex. F.[3]

After having failed to obtain a response from defendants, by letters dated February 28, 2008 and April 17, 2008, plaintiff's attorney, E. Peter Pfaff, requested various Plan documents, including the current summary plan description. Id., Exs. G and H. According to Mr. Pfaff, the requested documents were not received until after the complaint was filed. However, defendants contend that the requested materials were sent on May 5, 2008. Wagner Affidavit [5-5], Ex. F.

As a result of this conduct, plaintiff commenced this action for relief under the Employee Retirement Income Security Act, 29 U.S.C. §§1001, *et seq.* ("ERISA"). The complaint seeks, pursuant to ERISA Section 502(a)(1)(B)**,** 29 U.S.C. §1132(a)(1)(B), "a judgment declaring that plaintiff is entitled to a continuing waiver of premiums or alternatively that he is entitled to Cash Option benefits in the amount of $11,800". Complaint [1], Count I. Plaintiff also alleges that defendants failed to respond to his attorney's request for the Plan documents in violation of ERISA Section 502(c), 29 U.S.C. §1132(c). Complaint [1], Count II. Plaintiff seeks attorney's fees and costs pursuant to ERISA Section 502(g), 29 U.S.C. §1132(g).

Defendants argue that plaintiff's ERISA claims should be dismissed because he has not been deprived of any benefits and they have not refused to comply with his request for

---

[3] The Plan provided that "A Participant . . . shall have the option to elect a Cash Option in lieu of the future death benefits payable to the Participant's Beneficiary or Estate. This Option shall be payable provided that the Participant is at least sixty-five (65) . . . . The Cash Option shall be Five Thousand Five Hundred ($5,500) Dollars". Wagner Affidavit [5-5], Ex. B, Section 5.2(a). However, on April 10, 2000, Local 264 notified participants that the Plan was amended to remove the Cash Option of $5,500 in lieu of benefits. Wagner Affidavit [5-5], Ex. D.

information or otherwise violated ERISA Section 502(c), 29 U.S.C. §1132(c). Defendants' Memorandum of Law [5-2], Points I, II, and III.

**DISCUSSION AND ANALYSIS**

**A.     Plaintiff's Claim under ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) (Count I)**

Defendants argue that plaintiff's ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), claim should be dismissed because he has not been deprived of any benefits, and because they are committed to the continued waiver of plaintiff's contribution. Defendants' Memorandum of Law [5-2], Point I. In response, plaintiff argues that he is seeking a declaratory judgment that he is entitled to a continuing waiver of premiums. Plaintiff's Opposing Memorandum of Law [9], pp. 6-7. He argues that clarification of his right to future benefits under the plan is necessary - despite defendants' current representations - because of Local 264's June 5, 2007 letter indicating that it would terminate his benefits unless he paid premiums. Id.

In support of defendants' motion, Marcia Wagner, the Teamsters' Office Manager, states that "*barring a major change in the circumstances*, the Plan is committed to continuing to make premium payments". Wagner's Affidavit [5-5], ¶7 (emphasis added). Defendants argue that plaintiff "seems to be seeking nothing more than an order from this Court echoing the Plan's already-established commitment to continue to waive his premium payments. There is absolutely no reason to waste the Court's time and resources on an order declaring that the Defendants should do what they are already doing and what they have committed to continue to do". Defendants' Reply [10], p. 3.

I disagree. Even assuming that Ms. Wagner's letter constituted an unequivocal statement by the Plan of plaintiff's right to a continued waiver of contributions, it would not moot plaintiff's claim. ERISA's civil enforcement provision provides that "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, *or to clarify his rights to future benefits under the terms of the plan*." 29 U.S.C. §1132(a)(1)(B) (emphasis added).

"A 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot[,]' where 'there exists some cognizable danger of recurrent violation'." Engelhardt v. Paul Revere Life Ins. Co., 77 F. Supp. 2d 1226, 1235 (M.D. Ala. 1999) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953)). Significantly, defendants offer no explanation for their June 5, 2007 letter indicating that plaintiff would be required to contribute towards his death benefit, or their failure to respond to plaintiff's inquiries about the letter until this lawsuit was filed. Thus, based upon defendants' less than unequivocal statement as to their future obligations and their past (and still unexplained) threatened termination of this benefit, I find that plaintiff has raised a triable issue of fact as to whether there is some cognizable danger of recurrent violation. *See* Engelhardt, supra, 77 F. Supp. 2d at 1235 ("Based on the history of this case, in particular Paul Revere's post-lawsuit reconsideration of its denial of Plaintiff's claim for benefits and ensuing payment, the court finds that a judgment clarifying Plaintiff's rights under the policy to future benefits will wholly eliminate the possibility of any recurring violation.").

Therefore, I recommend that defendants' motion for summary judgment dismissing plaintiff's claim for relief under Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), claim be denied.

B. **Plaintiff's Claim under ERISA Section 502(c), 29 U.S.C. §1132(c)(Count II).**

Upon request of any participant, a plan administrator must "furnish a copy of the latest updated summary plan description". ERISA §104(b)(4), 29 U.S.C. §1024(b)(4). A plan administrator "who fails or refuses to comply with a request . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." ERISA §502(c), 29 U.S.C. §1132(c)(1)(B).

Defendants argue that they have complied with their obligations pursuant to 29 CFR §2520.104b-1(b)(1) to "use measures reasonably calculated to ensure actual receipt of the material by plan participants". Defendants' Reply [10], p. 3. However, even accepting defendants' claim that they mailed the Plan documents on May 5, 2008 (Wagner Affidavit [5-5], ¶9), this occurred more than 30 days after Mr. Pfaff's initial February 28, 2008 letter. Complaint [1], Ex. G.

Therefore, I recommend that defendants' motion for summary judgment as to this claim be denied. *See* <u>Schultz v. Stoner,</u> 308 F.Supp.2d 289, 309 (S.D.N.Y. 2004) ("As Stoner and her delegees clearly took more than the statutorily-allotted 30 days to provide Weber with

the bulk of the requested information, the Court will deny Defendant's motion for summary judgment on Weber's section 502(c) claim.").[4]

C.     **Defendants' Request for Rule 11 Sanctions**

Defendants seek Rule 11 sanctions against plaintiff and/or his attorney because by "opposing Defendants' Motion To Dismiss and continuing this litigation, [they] have unreasonably extend[ed] what is clearly a frivolous claim against [them]". Defendant's Reply [10], p. 7.

In view of my recommendation that defendants' motion for dismissal be denied, I clearly do not find plaintiff's position to be frivolous. Moreover, defendants have failed to comply with the requirements of Rule 11(c)(2) by bringing their motion "separately from any other motion" after giving plaintiff 21 days within which to correct the allegedly sanctionable conduct.

For these reasons, defendants' request for sanctions is denied.

**CONCLUSION**

For these reasons, I recommend that defendants' motion to dismiss [5], having been converted to a motion for summary judgment, be DENIED, and I order that defendants' request for Rule 11 sanctions be DENIED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

---

[4] In light of my recommendation, I find no reason to address plaintiff's Rule 56(f) application [13].

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED**

DATED: July 29, 2009

                                                      /s/ Jeremiah J. McCarthy
                                                       JEREMIAH J. MCCARTHY
                                                       United States Magistrate Judge